IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,999-01






EX PARTE ALGERIAN DEWAYNE HARRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22708 IN THE 6TH JUDICIAL DISTRICT COURT


FROM LAMAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
delivery of a controlled substance in a drug free zone, and was sentenced to eighteen years'
imprisonment. The Sixth Court of Appeals affirmed his conviction. Harris v. State, No. 06-08-00211-CR (Tex. App. - Texarkana, October 2, 2009, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel had
an actual conflict of interest at the time of his representation in Applicant's case. Applicant alleges
that counsel had represented the confidential informant in Applicant's case in a prior matter, and had
obtained probation for the informant. Applicant alleges that counsel was encumbered by his duty
to the confidential informant, and for this reason advised Applicant to enter an open plea of guilty
rather than pursue an entrapment defense at trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's trial counsel was
burdened with an actual conflict of interest at the time he represented Applicant, and if so, whether
the conflict had an adverse effect on counsel's performance in this case. The trial court shall make
findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 8, 2012

Do not publish